UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| ANTHONY JOSEPH POPEJOY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 19-284-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| SGT. CHRIS EDWARDS, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Anthony Joseph Popejoy is a pre-trial detainee confined at the Laurel County Detention Center ("LCDC") located in London, Kentucky. Proceeding without an attorney, Popejoy has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion to waive payment of the filing and administrative fees. [R. 2].

The information contained in Popejoy's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. Because Popejoy has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Popejoy's complaint because he has been granted pauper status. 28 U.S.C. § 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Popejoy's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Popejoy alleges that, during the course of being placed in a police car, he was struck in the head by Sgt. Chris Edwards and repeatedly stomped and kicked in the head by Edwards and Defendants Detective Bryan Lawson and Sgt. Brett Reeves. [R. 1]. He sues all three Defendants in their official capacities only. [R. 1, at 3]. He seeks $5,000,000.00 in damages because of hearing loss and PTSD and requests to be transferred from LCDC. [R. 1, at 5].

However, as currently drafted, Popejoy's complaint must be dismissed. First, Popejoy did not sign his complaint [*Id*. at 6], as is required by Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(a) (requiring that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented").

Even so, his complaint must be dismissed for failure to state a claim for relief. A complaint must set forth claims in a clear

2

and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Although Popejoy does not specify the constitutional provision that he claims has been violated, the Court will liberally construe his complaint to allege a violation of the Eighth Amendment based on his allegations of excessive force. However, Popejoy affirmatively indicates that he seeks to pursue his claims against Defendants in their official capacities only. [R. 1, at 3]. An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him.

*Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, to the extent Popejoy seeks to bring claims against Defendants in their "official" capacities as employees of Laurel County, such claims are construed as civil rights claims against the county.

However, while Popejoy claims that the actions of Defendants were wrongful, he does not assert that these actions were taken pursuant to an established policy of Laurel County. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Popejoy points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that

body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

The Court cannot create claims that Popejoy has not made. Thus, his affirmative choice to bring his claims against Defendants solely in their official capacities requires that these claims be dismissed for failure to state a claim for which relief may be granted.

For all of these reasons, Popejoy's complaint will be dismissed. Accordingly, **IT IS ORDERED** that:

1. Popejoy's motion for leave to proceed in forma pauperis [R. 2] is **GRANTED**. Payment of the filing and administrative fees are **WAIVED**.
2. Popejoy's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.
3. The Court will enter an appropriate judgment.
4. This matter is **STRICKEN** from the Court's docket.

This 11th day of December, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge